May I please report, Your Honor, Vi Williams on behalf of Mr. Marco Antonio Hurtado. Your Honors, this is a case about the Supreme Court of California upholding form over substance. The filing manner in which Mr. Hurtado's petition for review was filed was timely. It just wasn't delivered in the manner that was prescribed by the California Rule of Court. Denying Mr. Hurtado the opportunity to have his Ferretta claim heard because of a technicality is improper, because California Rule of Court 40, upon which the denial was based, was not an adequate rule of law. In addition, preventing Mr. Hurtado from having his claims heard at its core is just simply unfair. It undermines the underlying intent of the California Rules of Court, which is namely timely receipt of filings. Mr. Hurtado is currently serving a 60-year sentence and should not be forever barred from having his Ferretta claims or his other two constitutional claims heard because of a technicality when the brief was received on time. Are your position on the procedural, the cause element of this, to have any validity? You'd have to show that the discretion here was on the mailing itself. In fact, what's discretionary is the denial of the waiver. Isn't that correct, that the Chief Justice can waive the effect of the rule? Yes, Your Honor, that is correct. However, there are cases that we have found that where the filing was not timely under Rule 28, and the Court did exercise its discretion to allow the Petitioner to have his or her case heard. We don't know what the facts of those cases are because the cases which we've cited were cases that were heard at the Federal District Court level. However, what we would argue, what should be kept in mind is that at the end of the day, Mr. Hurtado's claim, even though the Court rejected it under the exercise of his or her discretion, the claim, the pleading was filed, was timely filed, and we... Well, the pleading wasn't timely filed here. It was timely filed in the sense that it was received on time. Well, it was received if it had been certified mail, but it wasn't certified mail, so it didn't arrive on the day it was supposed to arrive one day late. It did arrive on the day it was supposed to arrive. It was mailed on the 40th, it was received on the 40th day, and that's the same type of, that's the same thing that would have happened had it been sent certified mail. Right, but it wasn't sent certified mail, which was the requirement of the California rules. So otherwise it needed to be received the day before. But the California rule, Rule 40, has flip-flopped over the years, and that is one of the arguments... Right, but not the rule, but we know what the rule was at the time, right? And it didn't comply with the rule at the time. That's correct, Your Honor, but at the time there's also evidence that that rule was, the change in the rule from filing it certified mail versus priority mail, which is how Mr. Hurtado's attorney had filed it, that it was, the change to the rule of law was pending. In other words, he filed it priority mail on December 7th. Right, but he admits to the court that it was a mistake. He isn't arguing that he was relying on a rule that was about to be adopted. That's true. However, to the extent that the rule was pending, implicit in that is that the rule wasn't adequate, that something needed to be changed about it. Counsel, that's a little unfair, isn't it? That wouldn't allow California to change its rules without admitting that every prior rule was inadequate. Yes, Your Honor, but in light of the fact that the document was received on time, there should be some sort of discretion that should have been used to allow his filing to be accepted. Counsel, you can get around that if you can show that California has been inconsistent in the application of its rules, but you don't have any evidence of that, do you? You can show where the discretion has been exercised, but that would be consistent with California's rules, which say that the California Supreme Court, in an exercise of discretion, may avoid the harsh consequences of a timeout rule. That's correct. However, with respect to Rule 40, again, when you're speaking of that, you're speaking of Rule 28, which allows for the discretion of the court to say yes or no, your application for default can or cannot be denied. However, with respect to Rule 40, which is the one that changes from certified mail to priority mail, from certified priority mail to ‑‑ it flip-flops over the years. Do you have any evidence, any case law that shows that California has applied this rule inconsistently? Which California rule of court, the 28? Either one. Is there any case law that shows that this has been applied in a haphazard manner that would suggest there was some unfairness about it? With respect to Rule 28, the only cases that we have, or the cases that we have that ‑‑ the cases that we have are the ones we've cited to that were mentioned in the district court record. We don't know what the underlying facts were, and we would be more than happy to research that and file a document with this court to indicate what the terms were. For example, if we can show that the four cases that we've cited to, or other cases that we've cited to, are cases that not only was the document not ‑‑ the document was not received on time, like in Mr. Hurtado's case, it seems only fair that ‑‑ And I understand your perspective, counsel, but under fields, isn't it your client's burden to show that these standards have been consistently applied if he's going to prevail? Yes. And how have you done that? I'm not trying to make it personal. Right, right. How has your client failed to do this? The argument that is being made here is that it's not ‑‑ I know you feel it's not fair, but, again, I'm asking for ‑‑ it's a court of law. On the record, what can you show, either in case law or anything else, that shows that this rule has been inconsistently applied? Again, with respect to California Rule of Court 28, the extent that the discretion was exercised one way or the other and allowed these four cases, which would be in the district court, Valdel v. Horrell, Perez v. Cotts, Foster v. Scribner, and Otten v. Finn, to the extent that the court, the California Supreme Court, allowed those cases in, I think what would be ‑‑ what would need to have to be done is for us to go back and look at the actual facts of the case to see when did each one of these cases, when was it received, how late was it, was it actually in the hands of the California Supreme Court on time, and that type of analysis would need to be done, because if we can find ‑‑ Counsel, but isn't that the burden that you bore before the district court? Shouldn't that work have been done before you got to us? I understand that more work could be done, but this was your burden before the district court to show why California's compliance rules inconsistently. You raised a number of cases in California in which it was evident from the record that the California Supreme Court had exercised its discretion to allow delayed filing. Now, if you thought that there was something unfair about that, that your client wasn't afforded a privilege that somebody else in the same circumstances was, you've had that opportunity already to do that before the district court, right? The problem with the district court situation was that Mr. Hurtado did the filings himself pro se. But that's Mr. ‑‑ that's his verita right. I understand. It's the second time he's made that mistake, Counsel, and it hasn't turned out well either time. And to the extent that's the case, you are correct, Your Honor. However, if it can be shown ‑‑ You've got a bad mistake here by an attorney. Mr. Scirocco tried to remedy it as quickly as he found out. Counsel came forward very frankly. He told the California Supreme Court it was his fault, not his client's fault. He explained why he had made this mistake. He explained it was the first time he had ever made that mistake in 10 years of appellate practice. The California Supreme Court did not give him relief from that rule. It seems like a very harsh rule. I understand that your client did everything he was required to do, and his counsel messed up. And he admitted it immediately and went to the court and asked them not to penalize his client. The California Supreme Court, in the exercise of its wisdom, decided that it was going to enforce its rules. Even though those rules have since been modified and would be more generous to your client. So what do we do to establish cause and prejudice here, given if you have procedurally defaulted on your rights in California? Okay. With respect to establishing cause and prejudice in this case, with respect to Rule 40, the certified versus express or priority mail versus express mail, here. What do you have to show as cause? As I looked at these cases, it sounds like it has to be something external to the rule itself. So what can we show here as cause other than a straightforward application of the California rule at issue? I think that the cause in this case initially stems from the fact that the mistake that was made was external to the petition, if you look at it in a literal sense. Mr. Hurtado did not file this petition for review. Mr. Scirocco filed it, and Mr. Scirocco filed it in his declaration. He stated that, oh, I filed it, I miscounted the days, but, and I thought I was filing on time, but, and so since I thought I was filing on time, I opted to spend a lesser amount of money and not file it certified mail. So there was some personal interest that Mr. Scirocco or Attorney Scirocco had when he filed the document, believing that it was done on time. What kind of causes, what kind of, what cause have we determined was satisfactory in other cases? Give me an example of cause in another case. Illness, snowstorms. Well, how about ineffective assistance in counsel? Let me answer Judge Bybee's question first. There is, there are a couple of cases where an example, the examples were given where an attorney, if an attorney wanted to file, if an attorney was filing something on behalf of a client and he didn't raise or she didn't raise an ineffective assistance of counsel argument because it obviously affected, it was obviously requiring that particular attorney was doing the filing to file on his or her sword, that's the type of cause that one can argue is sufficient to pass the standard of the exception to the procedural default rule. So, for example, here the argument can be extended with Mr. Scirocco. Mr. Scirocco decided not to spend the additional money, it was coming out of his pocket, to file the document, priority mail, when it was that close. I mean, if it was on the day, if his belief had been correct, that's when. Is that excusable cause? And I think this goes right directly to Judge Candy's question, which is an excellent question. Is ineffective assistance of counsel the kind of cause that the Supreme Court is referring to when it talks about cause and prejudice? In this particular case, no, it is not. How? Because one respondent will argue that. Sorry, the answer to your question is you think that ineffective assistance of counsel has not been deemed sufficient? From a perspective of, if the question is whether or not ineffective assistance of counsel can be caused in this particular case, the answer is no, because Mr. Hurtado was not entitled to representation at that point. So ineffective assistance of counsel would be a sufficient cause if Mr. Hurtado had been entitled to counsel in the proceeding? Yes. Yes. And in this case, because Mr. Hurtado, let me just leave it at that. We would also argue that cause comes from the procedural fault in this case, and it seems that the court rejects this argument. It's that in the arbitrariness of how, when you look at the cases that we have pulled, how the court allows certain things in and allows them to be heard on petition for review at the California Supreme Court level and doesn't. Also, the certified with respect to Rule 40, the randomness of how it has changed over the years for certified mail versus priority mail, certified priority mail versus express mail, priority mail versus express mail. It just seems like it's something that has nothing to do with the client and has on some level in this particular instance no cognizable, it made no cognizable difference with respect to whether or not the document was received. But, counsel, if you take that perspective, aren't you arguing that the Supreme Court could never have any time limit as long as the client had anything that could possibly be argued that it could be years, decades later to file an appeal? That argument has some weight. However, with this particular case, the fundamental issue here is that at the end of the day, it was received on time. It was in their hands when it should have been. But it didn't comply with the rule, though, right? That's correct. So if you will accept the fact that there has to be some cutoff date. Let's say instead of what Rule 40 specified, say it was one year later and the attorney still had not complied and it was received on time but wasn't done by certified mail, we'd be back at the same problem again, wouldn't we? Yes. But if you have it, it just seems that if it's in the court's hand at the time that it's supposed to be in the court's hand, and it's not to disparage the rules that have been made up because the rules are there for a reason, it just seems that if it's in the court's hand when it should be, then some sort of reasonable discretion should be used to allow that document to be reviewed, particularly when a client is looking at a 60-year sentence on constitutional claims that have validity. And would you apply that same standard to every appeal to the Supreme Court, California Supreme Court? If it was received on time, if it was in the court's hands, yes. And are there any cases that you can cite where anybody is so held? Does that apply to our rules as well? I think what is being asked here and what the court is being asked to consider is form over substance and what's at stake here. And it's not to say that the rules should be, you know, just sort of taken cavalierly and not followed because they're there for a reason, you know, but on the other hand, the standards that are being applied to our rules, the standard that's being applied to the California Supreme Court, it does not make it forward, et cetera, et cetera. It allows a client a timely review of his petition, et cetera. However, this is not a situation where the client filed it a month later and is begging the court to let him in. And the client himself had nothing to do with Mr. Sirocco's error. So if you're asking whether if I had been the California Supreme Court whether I would have excused this, the answer is probably yes. I'm very sympathetic. I think this is probably the example is one that ought to send any appellate attorney quaking to his knees. I mean, this is an appellate attorney's nightmare to miss a deadline by one day, by miscounting the days. But it was California's rule, and it was right there in black and white in the book. And they took a hard view of it and enforced it. That's pretty tough. We have to we have to I think we're on to I mean, I think you have to make a good case for causing prejudice. And there you're going to have a really hard time, aren't you? Yes. Yes. We appreciate your honesty about that, by the way. Would you like to have two minutes left? Would you like to reserve your time? Yes, Your Honor. What's the purpose of the requirement that it be certified now? Well, we know from the August 2004 Judicial Committee notes that the reason that they were changing the rule and the reasons behind these rules is they wanted firm proof of when it was mailed. The whole purpose behind giving an extra day or so to people who sent it by certified or expressed mail was that they could have firm proof of when it was mailed, and it's fair to the people who could have walked it in to the court. But I guess if the only reason to know when it's mailed is to get it to the court. I mean, I imagine let's say that they have a rule saying that we will accept a petition for review one day late if it comes in a blue envelope. And you get one that comes in in a white envelope. And you say, oh, okay, we can't accept it. It's late. Well, you've gotten it. The purpose is served. It came in the wrong kind of envelope, but that's kind of irrelevant. You've got the thing. Is there some point at which a rule becomes just so arbitrary that it's not an adequate ground? Well, every court, including this one in the U.S. Supreme Court, has rules about when a brief has to be in the court. Sure. Whether it's 40 days by mail, whether it has to be received by the court by the 40th day, or whether it's the ADP's one-year bar where if you're 366 days, you're out of luck. And with this rule, what the California Supreme Court was looking at, and actually it's the judicial counsel, not the Supreme Court, but the Supreme Court, was to be fair to everybody to get it in on the 40th day. And if you were going to mail it that day, you had to do it by means by which you could have firm proof. And there's a concern there in the judicial counsel notes whether other forms of sending it in, such as just a declaration from counsel, were sufficient proof of the date of being mailed. There's no doubt in this case, though, that it was mailed before the time expired, right? Well, counsel represents that, and we're not disputing that. But there is, in our experience, I know you're an attorney, but you also live in this country and use the mail system. And you know that there is no way that this petition could have gotten to Sacramento or got to San Francisco unless it had been mailed at least one day before, right? It wasn't put in the mail on the 41st day and delivered on the 41st day, right? I'm not disputing that, Your Honor. That would be so contrary to all of our experience that it would be silly to suggest such a thing. So we know that it was filed at least on the 40th day, and perhaps earlier, since it was sent by regular mail. California took a pretty tough view of its rule here. Well, it's a standard rule. Every court, as I've stated, has a rule put in this court about when a brief has to be in. And then if you don't get in on time, if you make some mistake, you have to apply really from default. Can we find substantial compliance with the rule? The rule doesn't provide for that. It provides that it has to be mailed by certified or express mail and received, you know, to get into the court on that day. The way the court set this up or the Judicial Council set it up, there is a safety valve, if you will. But it's a safety valve of the discretion of the Chief Justice. The rule is fixed. The Chief Justice has discretion whether to waive the rule. Isn't that the way it's structured? Yes, Your Honor. Motion to relieve from default. Right. And that was made here, right? Yes. And the Chief Justice denied it. That's the fact, yes. Was there any reasoning given to it or was it just denied? It was just denied. I ask opposing counsel whether there's any case law or other evidence of prior use by the California Supreme Court of this particular procedure that would show either inconsistency or, for that matter, in your case, consistency. She indicated she was unaware based upon the facts that show up in the use of anything that at least was readily available. Is the government aware of anything that would throw some light on this? Well, counsel hasn't presented it at the district court level. And at this level, counsel's presented the fact that there were 200 cases. Some went one way. Some went another way. But we don't know what was behind the Chief Justice's reasoning on those. And there probably isn't a way just based on the fact that it was denied. You probably would have to look at all the motions for relief from default, see what the reasons are. The reality is that there's nothing in the record and there's nothing that would be readily available to the public that would allow either defense counsel or the government to flesh this issue out. Is that right? Well, I guess it would be possible for defense counsel at the district court level to go to the Supreme Court and ask for copies of each and every one of these motions for relief from default and copy them and then do an analysis. And the burden in this case was on the petitioner, the defendant, to make that showing. Isn't that correct? Under Bennett v. Newell, yes. Right. And that was not done? Not at the district court level. Is there some point at which exercises of discretion can be so loose or freely given or something that it amounts to inconsistent application of the rule? Well, absolutely. I mean, if it's done by caprice or whim, obviously it's not proper discretion. Here we know discretion is informed by good cause. That's in the rule. And so one has to assume that the chief justice is looking at whether there's good cause, legally sufficient cause for default, which wouldn't necessarily just be an error in judgment on counting the days, but it would be legally sufficient. For instance, a petitioner who's in a state prison can't mail it on time because the state prison officials are in charge. That's a rule that's been in effect for at least 15 years without change at the time that the petitioner defaulted. Is there – this was – this mistake was made on direct review. Does the right to counsel only go to the district court? Does it only go through one level? Under the Constitution, yes. It is a trial right, not on a discretionary review. As a federal constitutional matter, it only goes up through the court of appeal, then, is that what you're saying? Right. This is up to the California Supreme Court's discretionary review. And commonly, most counsel who are in the court of appeal will file a petition for review just out of – that's what they do. Well, California may pay for it, I don't know, but that's up to – California. We can review constitutional questions in a habeas case, but nothing else. So that explains, I guess, opposing counsel's correct then statement that you can't use ineffective assistance as cause because there's no constitutional right to counsel at the discretionary level of direct appeal. That's correct. I think the cause also has to be something that's external to the defense. I think that's the words that are used. I don't think that something that counsel does would be external to the defense. Well, it seems to me that the classic cause really is ineffective assistance. I mean, if counsel at a trial causes all kinds of defaults, but it turns out it's just wholly ineffective, it seems to me that that's the classic cause. And then the question is, was there prejudice? But that's at a point where there's a federal constitutional right to counsel. Forrest v. Vasquez, which states this procedural default, has been the law of the circuit for 12 years now. And I don't think Petitioner has set forth an adequate reason for this Court to change it. There hasn't been, between the time of Forrest v. Vasquez and the time of Petitioner, there hasn't been an adequate reason for this Court to change it. And this default in 2004, there wasn't a change in the California. Vasquez looks a lot like this case. Unless there are further questions, I will submit. Okay. Thank you, counsel. Ms. Williams, you reserve a couple of minutes. Respondent mentioned Forrest v. Vasquez and pointed out it's not distinguishable from this particular case. Forrest v. Vasquez is distinguishable from this case in a way because the only rule that was held from the rule of court that was at issue in Forrest v. Vasquez was Rule 28. In our case, not only was Rule 28 at issue, but Rule 40 was at issue. There was no issue of whether or how the document was filed or mailed in Forrest v. Vasquez. And that's significant. With respect to whether or not there was, whether or not with our client there was firm proof as to when something was mailed, at the end of the day, that's not the issue. The issue is, did the Court have the document in its hand at the time that it was supposed to have it in its hand? You said that's the issue, and you say that because? It's the basic fairness. Is that what you're arguing? Basic fairness, and the fundamental purpose of the rules is to make sure that things are received timely, that they're given timely, that, you know, a client is being courted in a timely manner, et cetera. It's all about time. So basically our rules, Supreme Court rules, California Supreme Court rules, regardless of what the rule says, if fairness would dictate that more time should be given, then under your standard, the rule would be inadequate. In this case, what's not being asked for is more time to be given. What's being asked for is for the court to consent. I understand the time part. I'm just saying in terms of complying with the rule, you're saying that there's been an inadequate showing, notwithstanding Forrest, that this was adequate. That the rule was that? The rule was that, inadequate. Yes. Yes. Another thing. How do we get around Forrest? Again, I believe that the differences between, they are materially distinguishable because the issue in Forrest had nothing to do with how the document was filed. There's no indication of how late the document was received in Forrest. In this case, the document was received on time. It just wasn't filed with a certified stamp on it or the little piece of paper. Once the state meets the burden to show adequacy, then the burden falls to your client, does it not? Yes. And I think we already discussed the fact that your co-counsel at the trial level did not put on any evidence that indicated that this rule has been inconsistently applied. So aren't you basically left with the fairness argument? On some level, yes. But the California, I mean, Supreme Court law supports this sort of a form over substance argument, I mean substance over form argument. If you look at James v. Kentucky, 466 U.S. 341, in that case the issue was whether or not the attorney had asked for an admonition versus an instruction with respect to a particular issue at trial. And what ended up happening on appeal was because the attorney had asked for one and not the other, the court felt that somehow petitioner's case should be denied because, you know, oh, well, you technically didn't ask for the instruction, but you did ask for the admonition in your brief, therefore, you know, your claim is denied. In James v. Kentucky, the court turned that around and reversed it and said, you know, hey, look, I'm quoting here, it says, to insist on a particular label for this statement, admonition versus instruction, would resort to an arid ritual of meaningless form. In other words, in this case, we believe that insisting on something being received, certified mail versus priority mail, is, it falls back on James v. Kentucky and is requiring, is allowing the California Supreme Court to insist on an arid ritual of meaningless form. Davis v. Wexler, which is also a Supreme Court case, 263 U.S. 22, the quote there is, it states, whatever spring as the state may set for those who are endeavoring to assert rights that the state confers, the assertion of federal rights, when plainly and reasonably made, is not to be defeated under the name of local practice. In other words, what James v. Kentucky and Davis v. Wexler are saying is that common sense needs to be used. You can't, it's not, at the end of the day, we're humans, and that's what makes us, that's what makes us unique and viable and able to, we're not automatons, and we should not, and the people whose lives are at stake, and hear Mr. Rattaille's, you know, 60-year sentences that say, we're not automatons to the point that, oh, because, you know, it wasn't filed certified mail, he should be forever barred from having his FRERTA claim heard, as well as his other two claims, because, you know, we're computers, and we just stamp it certified, denied, certified, priority denied, et cetera. There's got to be some empathy there, and this is what we're asking the court to take into consideration, to look at Mr. Rattaille's case and determine that the decision that was made was something that was form over substance that doesn't work here. And with that, we would submit. Thank you, counsel. Thanks, both counsel, for the argument. That concludes our oral argument calendar for the day. The court stands at recess.
judges: Canby, Bybee, Smith